IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-00335-KDB-DCK

| | |
|---|---|
| HYOSUNG USA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LOGIPIA USA, INC. AND TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Defendants. | <u>**ORDER**</u> |

**THIS MATTER** is before the Court on Defendant Travelers Property Casualty Company of America ("Travelers") Motions to Sever and to Dismiss (Doc. Nos. 5, 11) and Plaintiff Hyosung USA Inc.'s ("Hyosung") Motion to Remand (Doc. No. 22). The Court has carefully considered these motions and the parties' related briefs and exhibits. Travelers removed this action to this Court without the consent of its co-defendant Logipia USA, Inc. ("Logipia"). Therefore, unless Travelers is successful in its motion to sever, this case must be remanded to the North Carolina state court from which it was removed. As discussed below, the Court finds that Logipia is a proper party defendant because Plaintiff's claims against Logipia arise out of the same circumstances of alleged damage to Plaintiff's products and there are questions of fact and/or law common to both defendants. Further, Logipia has an interest in the litigation and is not a "nominal" defendant, as argued by Travelers. Accordingly, the Court will deny Travelers' Motion to Sever, grant Hyosung's Motion for Remand and deny without prejudice Travelers' Motion to Dismiss

1

(asserting a statute of limitations defense), which must be addressed by the state court where this action will be decided.

## I. LEGAL STANDARD

When faced with a motion to remand, a party seeking removal to federal court bears the burden of establishing federal jurisdiction. *Pulte Home Co., LLC v. LS Framing, Inc.*, No. 323CV00177KDBDCK, 2023 WL 4745110, at *1 (W.D.N.C. July 25, 2023); *Mulcahey v. Columbia Organic Chem. Co., Inc*., 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co*., 257 U.S. 92 (1986)); *Griessel v. Mobley*, 554 F.Supp.2d 597, 600 (M.D.N.C. 2008). Removal jurisdiction raises significant federalism concerns; therefore, strict construction of the statutory procedures for removal is required. *Syngenta Crop. Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002). Indeed, the Fourth Circuit has repeatedly emphasized that courts "should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Hartley v. CSX Transp., Inc*., 187 F.3d 422, 425 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp*., 6 F.3d 229, 232 (4th Cir. 1993)); *see also Mulcahey*, 29 F.3d at 151.

Travelers contends that Logipia has been misjoined as a defendant and thus must be severed as a party. Federal Rule of Civil Procedure 20(a)(2) describes the requirements for permissive joinder of defendants: "Persons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2). If the two requirements are not met, and defendants are deemed improperly joined, the court "on motion or on its own ... may at any time, on just terms ... drop a party." Fed.R.Civ.P. 21. However, the Supreme Court has made clear that "the impulse is toward the broadest possible

2

scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *See United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724 (1966); *CineTel Films, Inc. v. Does 1-1,052*, 853 F. Supp. 2d 545, 548–49 (D. Md. 2012).

Thus, Rule 20 gives courts wide discretion concerning the permissive joinder of parties, and "should be construed in light of its purpose, which 'is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'" *Aleman v. Chugach Support Servs. Inc.,* 485 F.3d 206, 218 n. 5 (4th Cir.2007); *Stacy v. Jennmar Corp. of Virginia, Inc.*, 342 F.R.D. 215, 225 (W.D. Va. 2022). "[T]he court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense, or delay." *Aleman*, 485 F.3d at 218 n. 5, quoting 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1652 (3d ed. 2001)

Travelers also argues that Logipia's failure to consent to removal, otherwise required by 28 U.S.C. § 1446(b)(2), should be ignored because it is alleged to be a "nominal" party. A "nominal" party is one "having no immediately apparent stake in the litigation either prior or subsequent to the act of removal." *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.,* 736 F.3d 255 (4th Cir.2013). "The key inquiry is whether the suit can be resolved without affecting the ... nominal defendant in any reasonably foreseeable way." *Id; Mansfield v. Vanderbilt Mortg. & Fin., Inc.*, 29 F. Supp. 3d 645, 651 (E.D.N.C. 2014). As noted, all defendants in a case must join in or consent to removal, creating the so-called 'rule of unanimity.'" *Hartford,* 736 F.3d at 259-60. However, there is an "exception to the rule of unanimity, which states that a nominal party need not consent to removal" because such a party lacks a "palpable interest in the outcome of a case." *Id*. When determining nominal party status, district courts are directed to focus on the particular

3

facts and circumstances of a case. *See Lilla v. Progressive Marathon Ins. Co.*, No. 2:22-CV-00398, 2023 WL 3431230, at *3 (E.D. Va. May 12, 2023).

## II. FACTS AND PROCEDURAL HISTORY

Hyosung manufactures and sells steel wire, polyester cord and/or other fabrics used in the manufacturing of motor vehicle tires (the "Products"). Prior to April 2019, Hyosung entered into a Services Agreement ("Agreement") with Logipia in which Logipia agreed to provide Hyosung with space to store approximately $31,000,000 worth of Hyosung's products in a warehouse it leased and operated in Savannah, Georgia (the "Warehouse"). In the Agreement, Logipia allegedly agreed that (1) it would be responsible for any loss or damage to the Products while they were being stored at the Warehouse, (2) any loss or damage to the Products while being stored at the Warehouse would be paid for and reimbursed by Logipia and (3) Logipia would maintain insurance on the Products while being stored at the Warehouse in form and substance acceptable to Hyosung.

On April 19, 2019, a windstorm struck Savannah, tearing off a portion of the roof of the Warehouse and causing water damage to some of Hyosung's Products. ("Incident 1"). In order to protect the Products from further damage, the Products were moved to the inside walls of the Warehouse, and a temporary plastic curtain was hung close to the inside perimeter of the Warehouse. However, on or about April 26, 2019, the plastic curtain failed, and the Warehouse sprinkler system was activated which led to more water damage to the Products ("Incident 2"). Hyosung then hired a company to move the Products to a new temporary storage facility to prevent further damage to the Products. However, in that move and storage, the Products allegedly sustained an additional $450,000.00 in damage ("Incident 3").

Hyosung submitted a claim for reimbursement to Logipia for all the incidents, but Logipia refused to reimburse Hyosung for any of the damages. Hyosung also made a claim under its own commercial property insurance policy (the "Policy") with Travelers. Travelers denied the claim in significant part, arguing that Incidents 1 and 2 were "separate occurrences" (which required Hyosung to pay two $1.55 million dollar deductibles) and that a third party liability insurance policy related to the Products constituted "other insurance" under the terms and conditions of the Policy. In sum, Travelers took the position that it was entitled to deduct $5.55 million dollars from Hyosung's insurance claim for Incidents 1 and 2. In its denial of coverage as to Incidents 1 and 2, Travelers made no mention of Incident 3 or any coverage issues related to Incident 3.

Unable to settle its claims with either Logipia or Travelers, on December 30, 2019, Hyosung filed suit against Travelers, Logipia and Logipia's liability insurer, Hartford Fire Insurance Company ("Hartford") in the case captioned *Hyosung USA Inc. v. Travelers Property Casualty Co. of America, et al.,* Case No. 19-CVS-23974, General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina (the "Initial State Court Lawsuit"). Incident 3 was not included in the Lawsuit because Travelers had not advised Hyosung that it was not going to provide coverage for Incident 3. Ultimately, the North Carolina Superior Court granted partial summary judgment to Hyosung on its claims. (*Hyosung v. Travelers*, Order & Opinion, 19-CVS-23974, ¶ 54 (Mecklenburg Cty., Sup. Ct., December 16, 2021) (Bledsoe, J). In its Order and Opinion, the state trial court held that (1) Incidents 1 and 2 were a single "occurrence" under the Policy, and, therefore, only one deductible was applicable, (2) the third-party liability insurance policy that Logipia had purchased did not constitute "other insurance" under the terms and conditions of the Policy and (3) Incident 2 was caused by the activation of the Warehouse's

sprinkler system and not a second windstorm. The court then awarded Hyosung $5.55 million dollars plus pre and post judgment interest.

In the wake of the court's order, Travelers paid Hyosung's claims on Incidents 1 and 2 in June 2022; however, the parties were unable to settle Hyosung's claims related to Incident 3, which Travelers had denied in June 2021 (two years after its initial denial of coverage for Incidents 1 and 2). This lawsuit – asserting claims for breach of contract against Travelers (related to Incident 3) and against Logipia (related to all three Incidents) – was filed in Mecklenburg County Superior Court on April 25, 2023. On June 5, 2023, Travelers removed the action to this Court. In its Notice of Removal, Travelers acknowledged that Logipia did not consent to removal and contemporaneously filed a Motion to Sever Logipia from this action on the grounds that Hyosung had improperly joined its claims against Logipia with its claim against Travelers under Fed. R. Civ. Proc. 20(a)(2). Travelers later filed a Motion to Dismiss asserting a statute of limitations defense. *See* Doc. No. 11. In addition to opposing Traveler's motions, Hyosung filed a Motion to Remand the case to state court. Doc. No. 22. All the pending motions have been fully briefed and are now ripe for the Court's decision.

### III. DISCUSSION

#### A. Motion to Sever and Motion to Remand

As described above, the motions before the Court turn on whether Logipia has been properly joined as a non-nominal party defendant in this action. If so, then there is no dispute that this case must be remanded to state court pursuant to 28 U.S.C. §1446(b)(2) because Logipia has not consented to removal. The Court readily finds that Logipia is, at least, a "permissible" defendant under Fed. R. Civ. Proc. 20(a)(2) and has a sufficient interest in the action that it is not a "nominal" defendant.

A party is a permissible defendant under Rule 20(a)(2) if the claims against it "aris[e] out of the same transaction, occurrence or series of transactions or occurrences" and there is "any question of law or fact common to all defendants." Fed. R. Civ. Proc. 20(a)(2). Here, while Hyosung's claims against Travelers and Logipia arise out of different contracts, both defendants have contractual obligations with respect to the Incidents and the circumstances (the "occurrence" or "occurrences")[1] underlying the claims – i.e. the "Incidents" in which Hyosung's Products were allegedly damaged – are the same. Relatedly, there are a number of questions of fact common to both defendants, including, but not limited to, (1) whether it was necessary to move and store the Products at a temporary warehouse, (2) whether the Products sustained covered property damage as the result of improper moving and facility handling and (3) the amount of damage, if any, sustained by the Products as the result of Incident 3. Accordingly, Logipia was properly joined as a "permissive" defendant under Rule 20(a)(2).

Moreover, Logipia is not a "nominal" party defendant. A "nominal" party is one "having no immediately apparent stake in the litigation either prior or subsequent to the act of removal." *Hartford,* 736 F.3d at 259-60. Logipia, as the company that operated the warehouse and entered into an agreement with Hyosung to store and protect the Products, clearly has an interest in litigation concerning Hyosung's claims for damages resulting from Logipia's alleged mishandling of the Incidents. Therefore, this action cannot be resolved "without affecting [Logipia] in [a] reasonably foreseeable way." *Id*.

---

[1] In referring to "occurrences," the Court intends the general meaning of the term as used in Rule 20, not its more specific and technical meaning in the insurance context.

In summary, Travelers Motion to Sever must be denied and Hyosung's Motion to Remand granted.[2] Because Logipia is a properly joined defendant and is not a nominal party, its consent is required for this action to be properly removed. In the absence of that consent, the case must be remanded to North Carolina state court.

### B. Plaintiff's Request for Attorneys' Fees

In addition to requesting the case be remanded, Plaintiff seeks recovery of its attorneys' fees and costs related to removal. 28 U.S.C. § 1447(c) provides for the "payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of [a] removal." District courts have wide discretion to determine whether to award attorneys' fees and costs, and "there is no automatic entitlement to an award of attorney fees." *See Common Cause v. Lewis*, 956 F.3d 246, 256 (4th Cir. 2020) (quoting *Beusterien v. Icon Clinical Research, Inc.*, 517 F. App'x 198, 199 (4th Cir. 2013)).

In the exercise of its discretion, the Court will award attorneys' fees and costs to Plaintiff. The Court finds that Travelers "lacked an objectively reasonable basis for seeking removal," *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005), where it knew of its co-defendant's lack of (required) consent and nevertheless sought removal based on the meritless contentions that Logipia, the company which operated the Warehouse and whose conduct allegedly led directly to Hyosung's damages, is not a proper defendant or is a "nominal" party.[3] Rather, it appears to the Court that Travelers' goals were to delay the progress of this action, increase Hyosung's costs and improperly avoid the state court where it had previously been unsuccessful. Therefore, Plaintiff's

---

[2] Because the Court has determined that the matter must be remanded it does not reach the merits of Defendants' Motion to Dismiss, which will be denied without prejudice and appropriately left to the state court to decide.
[3] This is particularly true where Travelers and Logipia were co-defendants in the Initial State Court Action, which was not removed to Federal Court and in which no severance was sought.

request for attorneys' fees and costs will be granted. The Parties are directed to confer as to the amount of Plaintiff's reasonable attorneys' fees and costs. In the absence of an agreement as to the appropriate amount, Plaintiff shall file an affidavit detailing the amount of its reasonable fees and costs to which Travelers may respond.

## IV.  ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motions to Sever (Doc. No. 5) is **DENIED**;

2. Defendant's Motion to Dismiss (Doc. No. 11) is **DENIED without prejudice**;

3. Plaintiff's Motion to Remand (Doc. No. 22) is **GRANTED**;

4. Plaintiff's request for an award of its reasonable attorneys' fees and costs is **GRANTED.** The Parties are directed to confer on or before September 1, 2023, as to the amount of Plaintiff's reasonable attorneys' fees and costs. If the Parties can agree (as the Court expects will be the case if both sides act in good faith), then Plaintiff shall file a proposed Order with the Court on or before September 8, 2023. In the absence of an agreement as to the appropriate amount, Plaintiff shall file an affidavit detailing the amount it seeks in attorneys' fees and costs on or before September 8, 2023, to which Travelers may respond on or before September 15, 2023;

5. This case is **REMANDED** to the Superior Court of Mecklenburg County, North Carolina, for further proceedings (other than the award of attorneys' fees and costs as described above); and

6. The clerk of court is directed to transmit a certified copy of this order to the clerk of the Superior Court of Mecklenburg County, North Carolina.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: August 22, 2023

*[signature]*

Kenneth D. Bell
United States District Judge

10